IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01841-BNB

SHANNON BASTEDENBECK,

    Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
LA VISTA CORRECTIONAL FACILITY,
COLORADO WOMEN'S CORRECTIONAL FACILITY,
ARISTEDES W. ZAVARAS,
GARY GOLDER,
LARRY REID,
JAMES E. ABBOTT,
KENNETH MARTINEZ,
JOHN O'ROURKE,
JOHN DOES I-X, and
JANE DOES I-X,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 8 2008

GREGORY C. LANGHAM
                CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Shannon Bastedenbeck, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Denver Women's Correctional Facility. She initiated the instant action by filing, through counsel, a civil rights complaint for money damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 and pursuant to 28 U.S.C. § 1343(a)(3). Ms. Bastedenbeck has paid the $350.00 filing fee.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Plaintiff is a prisoner and is seeking redress from a governmental entity and an

officer or employee of a governmental entity. Pursuant to § 1915A(b)(2), the Court is required to dismiss the complaint, or any portion of the complaint, that seeks monetary relief from a defendant who is immune from such relief. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the Court will dismiss the complaint in part because Ms. Bastedenbeck seeks monetary relief from a Defendant who is immune from such relief.

Ms. Bastedenbeck alleges that in February 2008 personnel at the La Vista Correctional Facility discovered that Defendant, Kenneth Martinez, abused his position by requiring her to engage in sexual relations with him several times a week for months. She further alleges that Defendants failed to protect her from this situation and that after prison personnel discovered the situation she was placed in administrative segregation, had her personal and legal mail intercepted, and was subjected to further retaliation and punishment. She also alleges that Defendants have interfered with her ability to communicate with counsel. On the basis of these allegations, she contends that her First, Fourth, Sixth, and Eighth Amendment rights have been violated.

Ms. Bastedenbeck may not sue the Colorado Department of Corrections, the La Vista Correctional Facility, or the Colorado Women's Correctional Facility for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh

Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Therefore, the claims against these Defendants must be dismissed. Accordingly, it is

ORDERED that the complaint is dismissed in part pursuant to 28 U.S.C. § 1915A(b)(2) because Plaintiff, Shannon Bastedenbeck, seeks monetary relief from a Defendant who is immune from such relief. It is

FURTHER ORDERED that the claims asserted against Defendants Colorado Department of Corrections, La Vista Correctional Facility, and Colorado Women's Correctional Facility are dismissed pursuant to 28 U.S.C. § 1915A(b)(2). It is

FURTHER ORDERED that the clerk of the Court is directed to remove Defendants Colorado Department of Corrections, La Vista Correctional Facility, and Colorado Women's Correctional Facility as parties to this lawsuit. The only remaining Defendants are Aristedes W. Zavaras, Gary Golder, Larry Reid, James E. Abbott, Kenneth Martinez, John O'Rourke, John Does I-X, and Jane Does I-X. It is

FURTHER ORDERED that the remaining claims against the remaining Defendants and the action are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 7 day of Oct, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01841-BNB

Thomas A. Barnes
Attorney at Law
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/8/08

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk