IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01841-LTB-BNB

SHANNON BASTEDENBECK,

Plaintiff,

v.

ARISTEDES W. ZAVARAS,
GARY GOLDER,
LARRY REID,
KENNETH MARTINEZ, and
JAMES E. ABBOTT,

Defendant.
_____

## ORDER
_____

This matter arises on the **Motion to Stay Pending Determination of Entitlement to Qualified Immunity from Defendants Zavaras, Golder, Reid, and Abbott** [Doc. # 64, filed 6/2/2010] (the "Motion to Stay"). I held a hearing on the Motion to Stay this afternoon and made rulings on the record, which are incorporated here. The Motion to Stay is DENIED.

This action was commenced by the filing of a complaint on August 28, 2008. The plaintiff alleges that her civil rights were violated while she was an inmate at the LaVista Correctional Facility, where she was forced to engage in a sexual relationship with defendant Kenneth Martinez.

Defendants Zavaras, Golder, Reid, Abbott and O'Rourke (the "DOC Defendants") filed a Partial Answer on December 29, 2008. Partial Answer [Doc. # 11]. They asserted qualified immunity, among other defenses. Id. at p. 6. The DOC Defendants did not file a motion to

dismiss on that basis, however. A scheduling order was entered [Doc. # 37] on September 29, 2009, and discovery proceeded without objection. Discovery has been completed. A final pretrial conference is set for August 19, 2010. The district judge has scheduled a final trial preparation conference for November 5, 2010, and has set the case for trial beginning on December 6, 2010.

On June 2, 2010, the DOC Defendants filed a Motion for Summary Judgment [Doc. # 63]. Among the arguments in support of summary judgment is the DOC Defendants' claim to qualified immunity. Motion for Summary Judgment [Doc. # 63] at pp. 6-10. In view of their assertion of qualified immunity as a basis for summary judgment, the DOC Defendants seek an order "staying all further proceedings in this action, pending the determination of their entitlement to the qualified immunity sought in their Motion for Summary Judgment." Motion to Stay [Doc. # 64] at ¶1. The remaining proceedings include preparation of a proposed final pretrial order; the final pretrial conference on August 19, 2010; a settlement conference set for September 14, 2010;[1] and the final trial preparation conference on November 11, 2010.

In Graham v. Gray, 827 F.2d 679 (10th Cir. 1987), the Tenth Circuit Court of Appeals held in a case involving the defense of qualified immunity that "a trial court's decision to allow or deny discovery is discretionary, and subject to review only for abuse of discretion." Id. at 681. In finding no abuse of discretion, the circuit court noted:

> [T]he scope of discovery permitted by the district court appears to be neither oppressive nor unnecessary. . . . Moreover, [the defendant] is no longer County Clerk, so we discern here no unwarranted disruption of public official functions. Finally, the

---

[1] At the DOC Defendants' request, I am vacating the settlement conference. Consequently, it presents no further burden on the DOC Defendants.

2

> Supreme Court emphasize in Mitchell [v. Forsyth, 472 U.S. 511 (1985)], that qualified immunity is above all an entitlement not to *stand trial* under certain circumstances.

Id. at 682.

Here, I am not asked to stay discovery, but merely the final pretrial tasks necessary to prepare the case for trial. As in Graham, the remaining tasks are neither oppressive nor unnecessary. The burdensome and potentially disruptive work of discovery and expert witness designations already has been completed. In addition, most of the tasks remaining must be performed by counsel and not the parties, and those tasks will cause no unwarranted disruption of public official functions. Finally, requiring the DOC Defendants to complete the pretrial phase of the case does not mean that the case will proceed to trial prior to a ruling on the DOC Defendants' qualified immunity defense.

IT IS ORDERED that the Motion to Stay [Doc. # 64] is DENIED.

IT IS FURTHER ORDERED that the settlement conference set for September 14, 2010, at 9:00 a.m., is VACATED.

Dated June 30, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge